IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RITA ROYSTER

    Plaintiff,

vs.

MOORE, U.S.A. INC. and
MOORE NORTH AMERICA, INC.

    Defendants.

Case No. RDB 02 CV 3937

**DEFENDANT MOORE NORTH AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS**

## PRELIMINARY STATEMENT

Defendant Moore North America, Inc. formerly known as Moore U.S.A., Inc. (incorrectly sued herein as "Moore U.S.A. Inc." and "Moore North America, Inc.") (referred to herein as "Defendant") by and through its attorneys, Jackson Lewis LLP ("Jackson Lewis"), hereby moves this Court pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 104 of the Local Rules of the United States District Court for the District of Maryland, for an Order directing Plaintiff Rita Royster to respond to Defendant's document requests. For the reasons set forth herein, Defendant respectfully requests that its Motion be granted.

## BACKGROUND[1]

On or about December 4, 2002, Plaintiff commenced this lawsuit by filing a Complaint in the United States District Court for the District of Maryland. (Courtian Aff., ¶ 2). In the Complaint, Plaintiff alleges, *inter alia*, that Defendant unlawfully terminated her employment on the basis of her race (Black), and in retaliation for her complaining about racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. (Id.)

On January 27, 2003 Defendant filed and served upon Plaintiff an Answer, denying the substantive allegations in Plaintiff's Complaint, and asserting various affirmative defenses. (Courtian Aff., ¶ 3).

On January 29, 2003, Judge Marvin Garbis entered a Scheduling Order in this matter. (Courtian Aff., ¶ 4, Ex. "A"). Judge Garbis ordered, among other things, that all discovery be completed by June 12, 2003 and that dispositive motions be filed by July 14, 2003. (Id.). On or about May 8, 2003, this case was re-assigned to Judge Richard Bennett. (Courtian

---

[1] The facts set forth herein are based on the Affidavit of Jennifer Courtian in Support of Defendant's Motion to Compel Plaintiff's Responses to Defendant's Document Requests, cited to herein as "Courtian Aff., ¶ __."

Aff., ¶ 5). On or about May 28, 2003, the parties made a Joint Motion for Enlargement of Time, in which they sought to extend the deadlines for discovery and for the filing of dispositive motions to August 15, 2003 and September 22, 2003, respectively. (Courtian Aff., ¶ 6). On May 29, 2003, Judge Bennett entered an Order amending the case schedule so that discovery now is scheduled to close on July 15, 2003, and the deadline for filing dispositive motions is August 15, 2003. (Courtian Aff., ¶ 6, Ex. "B").

On March 19, 2003, Defendant served upon Plaintiff, by first class mail, Defendant's First Set of Interrogatories to Plaintiff ("Defendant's interrogatories") and Defendant's First Request for the Production of Documents to Plaintiff ("Defendant's document requests"). (Courtian Aff., ¶ 7, Exs. "C" and "D"). Plaintiff's responses to Defendant's interrogatories and document requests were due on April 21, 2003. (Courtian Aff., ¶ 8). Defendant, however, did not receive any responses on that date, nor did Plaintiff request an extension of time in which to respond to these written discovery requests. (Id.).

When Defendant still did not received Plaintiff's discovery responses, on April 29, 2003, Defendant's counsel wrote a letter to Plaintiff's counsel requesting that Plaintiff promptly send to Defendant responses to the outstanding discovery. (Courtian Aff, ¶ 8, Ex. "E").

Thereafter, on May 6, 2003, Plaintiff's counsel, Joseph Mallon, told Defendant's counsel in a telephone conversation that he would serve responses to the outstanding discovery requests on May 12, 2003. (Courtian Aff., ¶ 10). Despite this representation, Plaintiff did not serve the responses on that date. (Courtian Aff., ¶ 10).

On May 16, 2003, Defendant's counsel again spoke to Plaintiff's counsel about the outstanding discovery. (Courtian Aff., ¶ 11). During that conversation, Plaintiff's counsel stated that he would send Plaintiff's discovery responses to Defendant's counsel, by facsimile,

2

on May 19, 2003. (Id.). Notwithstanding this representation, Defendant still did not receive the outstanding responses by the promised date. (Id.).

Due to Plaintiff's continued failure to serve responses to Defendant's discovery requests, on June 3, 2003, Defendant's counsel again wrote to Plaintiff's counsel and reminded him of Defendant's efforts to obtain the requested discovery, and asked that Plaintiff apprise Defendant of an exact date upon which Defendant could expect to receive the responses. (Courtian Aff., ¶ 12, Ex. "F"). Defendant's counsel further stated that it planned to take Plaintiff's deposition upon receiving Plaintiff's discovery responses and that it had been awaiting receipt of Plaintiff's discovery responses before scheduling such a date. (Id.). Finally, Defendant's counsel stated that if Plaintiff did not provide Defendant with an exact date upon which Defendant could expect to receive the outstanding discovery responses, Defendant would seek the Court's assistance. (Id.).

On June 8, 2003, Plaintiff's counsel telephoned Defendant's counsel and stated that he had not yet obtained Plaintiff's approval of the discovery responses and did not know when he would speak to her. (Courtian Aff., ¶ 13). He further stated that he planned to telephone Plaintiff the next day and would let Defendant's counsel know whether he was able to get in touch with her. (Id.).

On June 10, 2003, Plaintiff's counsel telephoned Defendant's counsel and stated that he had spoken to Plaintiff, that she was coming to his office the next day to review and finalize the discovery responses, and that he would fax to Defendant's counsel the responses on June 11, 2003. (Courtian Aff., ¶ 14).

On June 11, 2003, Plaintiff's counsel faxed to Defendant's counsel Plaintiff's Answers to Interrogatories. (Courtian Aff., ¶ 15). **Plaintiff's counsel did not, however, serve**

3

**responses to Defendant's document requests**. (Id.). Defendant's counsel has attempted to contact Plaintiff's counsel on at least two occasion since June 11, 2003 to find out when they could expect to receive Plaintiff's responses to Defendant's document requests. (Courtian Aff., ¶ 16). Plaintiff's counsel has not returned Defendant's counsel's calls or provided any response to Defendant's counsel, thus necessitating the instant Motion. (Id.).

## ARGUMENT

## POINT

### THIS COURT SHOULD ORDER PLAINTIFF TO RESPOND IMMEDIATELY TO DEFENDANT'S DOCUMENT REQUESTS.

Rules 33 and 34 of the Federal Rules of Civil Procedure require a party to respond and/or object to document requests with 30 days after service thereof. See Fed. R. Civ. P. 34(b) (document requests). Rule 37 of the Federal Rules of Civil Procedure governs a party's failure to comply with discovery, and provides:

> A party, upon reasonable notice to other parties . . . may apply for an order compelling disclosure or discovery…

Fed. R. Civ. P. 37(a).[2] Rule 37 further provides:

> If . . . a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

Under the Federal Rules of Civil Procedure, Plaintiff was obligated to respond to Defendant's document requests on or before April 21, 2001. See Fed. R. Civ. P. 34. Plaintiff

---

[2] Defendant notes that Local Rule 104 (8) sets forth detailed procedures "in litigating motions to compel answers to interrogatories and requests for production." Local Rule 104(8)(a)-(c). These procedures do not apply to the instant Motion because Plaintiff has failed to serve any responses to Defendant's document requests. See Local Rule 104(8).

4

did not do so. Defendant has made numerous good-faith attempts to elicit the outstanding discovery responses from Plaintiff. (See Background, pp. 1-4, supra). Despite these attempts, and despite Plaintiff's counsel's repeated promises to produce the outstanding discovery responses, Plaintiff has failed to provide *any* responses to Defendant's document requests to date.

Plaintiff's failure to provide the document responses has prejudiced Defendant in that Defendant has delayed taking Plaintiff's deposition until it receives Plaintiff's full discovery responses. Indeed, Defendant believes it would be more efficient to receive and review Plaintiff's written discovery responses prior to taking Plaintiff's deposition. Due to the fast approaching deadline for discovery, however, Defendant feels compelled to, and has noticed, Plaintiff's deposition for July 2, 2003.

Accordingly, Defendant respectfully requests that the Court compel Plaintiff to provide full and complete responses to Defendant's document requests immediately so that it will have an adequate period of time to review them prior to taking Plaintiff's deposition. Moreover, in the event that Plaintiff's responses are deficient, Defendant will require additional time to seek supplementation from Plaintiff and perhaps will need permission to hold Plaintiff's deposition open pending receipt of full discovery responses. If Plaintiff continues to delay in the production of appropriate discovery responses, Defendant requests that the Court impose appropriate sanctions on Plaintiff, up to and including dismissal of the Complaint.

## CONCLUSION

For the reasons stated herein, this Court should grant Defendant's Motion to Compel Plaintiff's Responses to Defendant's Document Requests, in its entirety.

5

        Respectfully submitted,

JACKSON LEWIS LLP
    8614 Westwood Center Drive, Suite 950
    Vienna, Virginia 22183
    (703) 821-2189 (telephone)
    (703) 821-2267 (facsimile)

Dated: June ___, 2003    By: _____
    Teresa Burke Wright, Esq.
    Maryland Bar No. 08602

JACKSON LEWIS LLP
    59 Maiden Lane
    New York, New York 10038
    (212) 545-4000 (telephone)
    (212) 972-3213 (facsimile)

Dated: June ___, 2003    By: _____
    Jennifer B. Courtian
    Dana J. Scher

    ATTORNEYS FOR DEFENDANT
    MOORE NORTH AMERICA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of June, 2003, I cause to be served true and correct copies of Defendant Moore North America, Inc.'s Motion to Compel Plaintiff's Responses to Defendant's Document Requests; Defendant Moore North America, Inc.'s Memorandum of Law In Support of Its Motion to Compel Plaintiff's Responses to Defendant's Document Requests; and Affidavit of Jennifer B. Courtian, upon Plaintiff, Rita Royster, by facsimile and pre-paid Federal Express addressed to Plaintiff's counsel of record at the following address:

> Joseph T. Mallon, Jr.
> Mallon & McCool, LLC
> 16 South Calvert Street, Suite 1002
> Baltimore, Maryland 21202

_____
Jennifer B. Courtian