IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RITA ROYSTER

Plaintiff,

vs.

MOORE, U.S.A. INC. and
MOORE NORTH AMERICA, INC.

Defendants.

Case No. RDB 02 CV 3937

**AFFIDAVIT OF JENNIFER B.
COURTIAN, ESQ. IN SUPPORT OF
DEFENDANT MOORE NORTH
AMERICA, INC.'S MOTION TO
COMPEL PLAINTIFF'S RESPONSES
TO DEFENDANT'S DOCUMENT
REQUESTS**

STATE OF NEW YORK      )
                                            )      ss.:
COUNTY OF NEW YORK   )

JENNIFER B. COURTIAN, ESQ., being duly sworn, deposes and says:

1.  I am a member of the law firm of Jackson Lewis LLP, counsel for Defendant Moore North America, Inc. formerly known as Moore U.S.A., Inc. (incorrectly sued herein as "Moore U.S.A. Inc." and "Moore North America, Inc.") (referred to herein as "Defendant"), in the above-captioned matter.  In that capacity, I submit this Affidavit in Support of the Motion of Defendant Moore North America, Inc. to Compel Plaintiff's Responses To Defendant's Document Requests.

2.  On or about December 4, 2002, Plaintiff commenced this lawsuit by filing a Complaint in the United States District Court for the District of Maryland.  In the Complaint, Plaintiff alleges, *inter alia*, that Defendant unlawfully terminated her employment on the basis of her race (Black), and in retaliation for her complaining about racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

1

3.    On January 27, 2003 Defendant filed and served upon Plaintiff an Answer, denying the substantive allegations in Plaintiff's Complaint, and asserting several affirmative defenses.

4.    On January 29, 2003, Judge Marvin Garbis entered a Scheduling Order in this matter.  A copy of the Scheduling Order entered by Judge Garbis is attached hereto as Exhibit "A".  Judge Garbis ordered, among other things, that all discovery be completed by June 12, 2003 and that dispositive motions be filed by July 14, 2003.

5.    On or about May 8, 2003, this case was re-assigned to Judge Richard Bennett.

6.    On or about May 28, 2003, the parties made a Joint Motion for Enlargement of Time, in which they sought to extend the deadlines for discovery and for the filing of dispositive motions to August 15, 2003 and September 22, 2003, respectively.  On May 29, 2003, Judge Bennett entered an Order amending the case schedule so that discovery now is scheduled to close on July 15, 2003, and the deadline for filing dispositive motions is August 15, 2003.  A copy of the Order by Judge Bennett amending the deadlines for discovery and for dispositive Motion is attached hereto as Exhibit "B".

7.    On March 19, 2003, Defendant served upon Plaintiff, by first class mail, Defendant's First Set of Interrogatories to Plaintiff ("Defendant's interrogatories") and Defendant's First Request for the Production of Documents to Plaintiff ("Defendant's document requests").  Copies of Defendant's interrogatories and  document requests are attached hereto as Exhibits "C" and "D", respectively.

8.    Plaintiff's responses to Defendant's interrogatories and document requests were due on April 21, 2003.  Defendant, however, did not receive any responses on that date, nor did Plaintiff request an extension of time in which to respond to these written discovery requests.

9.  When Defendant still did not received Plaintiff's discovery responses, on April 29, 2003, Defendant's counsel wrote a letter to Plaintiff's counsel requesting that Plaintiff promptly send to Defendant responses to the outstanding discovery.  A copy of Defendants' counsel's April 29, 2003 letter to Plaintiff's counsel is attached hereto as Exhibit "E".

10. Thereafter, on May 6, 2003, Plaintiff's counsel, Joseph Mallon, told Defendant's counsel in a telephone conversation that he would serve responses to the outstanding discovery requests on May 12, 2003.  Despite this representation, Plaintiff did not serve the responses on that date.

11. On May 16, 2003, Defendant's counsel again spoke to Plaintiff's counsel about the outstanding discovery.  During that conversation, Plaintiff's counsel stated that he would send Plaintiff's discovery  responses to Defendant's counsel, by facsimile, on May 19, 2003.  Notwithstanding this representation, Defendant still did not receive the outstanding responses by the promised date.

12. Due to Plaintiff's continued failure to serve responses to Defendant's discovery requests, on June 3, 2003, Defendant's counsel again wrote to Plaintiff's counsel and reminded him of Defendant's efforts to obtain the requested discovery, and asked that Plaintiff apprise Defendant of an exact date upon which Defendant could expect to receive the responses. Defendant's counsel further stated that it planned to take Plaintiff's deposition upon receiving Plaintiff's discovery responses and that it had been awaiting receipt of Plaintiff's discovery responses before scheduling such a date.  Finally, Defendant's counsel stated that if Plaintiff did not provide Defendant with an exact date upon which Defendant could expect to receive the outstanding discovery responses, Defendant would seek the Court's assistance.  A copy of Defendant's counsel's June 3, 2003 letter to Plaintiff's counsel is attached hereto as Exhibit "F".

13. On June 8, 2003, Plaintiff's counsel telephoned Defendant's counsel and stated that he had not yet obtained Plaintiff's approval of the discovery responses and did not know when he would speak to her.  He further stated that he planned to telephone Plaintiff the next day and would let Defendant's counsel know whether he was able to get in touch with her.

14. On June 10, 2003, Plaintiff's counsel telephoned Defendant's counsel and stated that he had spoken to Plaintiff, that she was coming to his office the next day to review and finalize the discovery responses, and that he would fax to Defendant's counsel the responses on June 11, 2003.

15. On June 11, 2003, Plaintiff's counsel faxed to Defendant's counsel Plaintiff's Answers to Interrogatories.  **Plaintiff's counsel did not, however, serve responses to Defendant's document requests**.

16. Defendant's counsel has attempted to contact Plaintiff's counsel on at least two occasion since June 11, 2003 to find out when they could expect to receive Plaintiff's responses to Defendant's document requests.  Plaintiff's counsel has not returned Defendant's counsel's calls or provided any response to Defendant's counsel, thus necessitating the instant Motion.

_____
Jennifer B. Courtian, Esq.

Sworn to and subscribed before
me this __ day of June, 2003.


_____
Notary Public

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RITA ROYSTER,<br><br>Plaintiff,<br><br>v.<br><br>MOORE U.S.A. INC. and MOORE<br>NORTH AMERICA, INC.,<br><br>Defendants. | Case No. 1:02-CV-3937<br><br>**DEFENDANT MOORE NORTH<br>AMERICA, INC.'S FIRST SET OF<br>INTERROGATORIES TO PLAINTIFF** |

Defendant Moore North America, Inc., formerly known as Moore U.S.A. Inc. (incorrectly sued herein as "Moore U.S.A. Inc. and Moore North American, Inc.") (referred to herein as "Defendant"), by and through its undersigned attorneys, Jackson Lewis LLP, hereby requests, pursuant to Federal Rule of Civil Procedure 33 and Local Rule 104 of the United States District Court for the District of Maryland, that Plaintiff Rita Royster ("Plaintiff") answer, in writing, separately and under oath, the following interrogatories, in accordance with said rules, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS AND DEFINITIONS TO PLAINTIFF

## INSTRUCTIONS

1.       These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a

construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

2.     These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.     Pursuant to Discovery Guideline 9(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 9(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.     Pursuant to Discovery Guideline 9(c), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A.     In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

B.     The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

(1)     For oral communications:

(a)     the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

2

(b)    the date and place of the communication; and

(c)    the general subject matter of the communication.

(2)    For documents:

(a)    the type of document,

(b)    the general subject matter of the document,

(c)    the date of the document, and

(d)    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6.    If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2.      Communication: The term "communication" means the transmittal of information by any means.

3.      Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4.      Identify (with respect to persons): When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5.      Identify (with respect to documents): When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

4

6.      Identify: "Identify" means, with respect to a corporation, association or other entity: (i) the legal name under which such entity is incorporated or registered; (ii) the state in which such entity is incorporated or registered; (iii) the full business address and telephone number of such entity; and (iv) the officers of such entity.

7.      Occurrence/Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

8.      Parties: The terms "Plaintiff' and 'defendant' (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

9.      Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10.      You/Your: The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

11.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all."  "All" and "each" shall be construed as "all and each."  "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

12.     Plaintiff's Complaint: The term "Plaintiff's Complaint" shall refer to the "Complaint" filed by Plaintiff Rita Royster in this action, on or about December 4, 2002.

## INTERROGATORY NO. 1

Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint, and state the subject matter of the personal knowledge possessed by each such person.  (Standard Interrogatory No. 1).

## ANSWER

## INTERROGATORY NO. 2

Identify each and every person Plaintiff or her representative(s) contacted, interviewed, or communicated with during any investigation in connection with this matter, and state the date of each such contact, interview or communication, identify any and all witnesses thereto, and identify all documents relating to or reflecting the information requested in this interrogatory.

## ANSWER

## INTERROGATORY NO. 3

State the total amount and dates of receipt of any unemployment compensation benefits, workers' compensation benefits, disability benefits or any other form of assistance from any federal, state or local government agency Plaintiff has received since the cessation of her employment with Defendant on or about October 31, 2002.

## ANSWER

## **INTERROGATORY NO. 4**

Identify each and every employer by whom Plaintiff has been employed, or entity for which Plaintiff has rendered services, including self-employment, since the date of the cessation of Plaintiff's employment with Defendant on or about October 31, 2002, and state with particularity the dates of each such employment or other engagement and the job titles held.

## **ANSWER**

## **INTERROGATORY NO. 5**

State with specificity any and all compensation, employment benefits and/or other monies Plaintiff has received from any source since the cessation of her employment with Defendant on or about October 31, 2002.

## **ANSWER**

## **INTERROGATORY NO. 6**

Describe in detail all attempts Plaintiff has made to secure employment since the cessation of her employment with Defendant on or about October 31, 2002.  If Plaintiff has rejected any offers of employment since October 31, 2002, please detail which offers were rejected and why.

## **ANSWER**

## INTERROGATORY NO. 7

For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, identify such witness and provide a complete statement of the opinions to be expressed and the basis and reasons therefore. (Standard Interrogatory No. 9).

## ANSWER

## INTERROGATORY NO. 8

Set forth the title or caption, forum, date of commencement and identification number or designation of any litigation or administrative proceeding in which Plaintiff has ever been a plaintiff, complainant, petitioner, charging party, grievant, defendant, respondent, trial witness or deposition witness (aside from the instant action pending before this court), the substance of each such judicial or administrative proceeding, and the outcome or present status of each such matter.

## ANSWER

### INTERROGATORY NO. 9

State with particularity the nature and amount of the monetary, equitable or declaratory relief that Plaintiff is seeking in connection with this matter and show how any monetary amount was calculated.

### ANSWER

## <u>INTERROGATORY NO. 10</u>

Identify any physician, psychiatrist, psychologist, social worker or other health care or mental health care professional Plaintiff has visited from January 1, 1999 to the present, and for each physician, psychiatrist, psychologist, social worker or other health care or mental health care professional identified, specify the dates and nature of treatment Plaintiff received.

## <u>ANSWER</u>

## INTERROGATORY NO. 11

Identify any hospital or other health care facility to which Plaintiff has been admitted, on either an inpatient or outpatient basis, from January 1, 1999 to the present, and for each hospital or other health care facility identified, specify the dates and nature of treatment received.

## ANSWER

## INTERROGATORY NO. 12

Identify each and every person with knowledge or information concerning Plaintiff's claim that "[t]hroughout Plaintiff's employment, she had been a conscientious and dedicated employee," as alleged in Paragraph "7" of the Complaint.

## ANSWER

## **INTERROGATORY NO. 13**

Identify each and every person with knowledge or information concerning Plaintiff's claim that "[o]n October 30, 2002, Plaintiff complained of a racial discrimination incident to Robin Gaskill," as alleged in Paragraph "8" of the Complaint.

## **ANSWER**

## INTERROGATORY NO. 14

Identify each and every person with knowledge or information concerning Plaintiff's claim that "Plaintiff opposed the termination of a fellow African-American employee because she had been terminated due to her race," as alleged in Paragraph "8" of the Complaint.

## ANSWER

## INTERROGATORY NO. 15

Identify the African-American employee who Plaintiff claims was terminated due to her race, as alleged in Paragraph "8" of the Complaint.

## ANSWER

## INTERROGATORY NO. 16

Identify each and every one of Defendant's employees and agents who "advised Plaintiff that she was terminated effective immediately because her position was being eliminated due to budgetary reasons," as alleged in Paragraph "9" of the Complaint.

## ANSWER

## **INTERROGATORY NO. 17**

Identify the "white Caucasian employee" and/or the "white female" who Plaintiff alleges replaced her, as set forth in Paragraphs "10," "16" and "24" of the Complaint.

## **ANSWER**

## INTERROGATORY NO. 18

Identify each and every person with knowledge or information concerning Plaintiff's claim that she "was qualified for the job and performed the job satisfactorily," as alleged in Paragraphs "14" and "22" of the Complaint.

## ANSWER

## <u>INTERROGATORY NO. 19</u>

Identify each and every one of Defendant's employees who were "fully aware of the retaliation against the Plaintiff detailed herein," as alleged in Paragraphs "31" and "38" of the Complaint, and when or how they acquired such knowledge or information.

### <u>ANSWER</u>

## INTERROGATORY NO. 20

Identify each and every one of the "steps that would have prevented the deprivation of the Plaintiff's rights caused by this retaliation," as alleged in Paragraphs "32" and "39" of the Complaint.

## ANSWER

## INTERROGATORY NO. 21

Identify the dates and subject matter of any and all communications to date, between or amongst Plaintiff, Robin Gaskill, Patricia Miller, Diane Adams and Gabe Preczner, concerning any of the allegations made in Plaintiff's Complaint.

## ANSWER

## INTERROGATORY NO. 22

Identify each and every person, employee or agent of Defendant who Plaintiff claims discriminated or retaliated against Plaintiff.

## ANSWER

## <u>INTERROGATORY NO. 23</u>

Identify any and all documents not previously identified by Plaintiff in answer to these interrogatories or produced in Plaintiff's responses to Defendant's First Request for Production of Documents to Plaintiff which relate to Plaintiff's claim in the case, including personal diaries or logs maintained by Plaintiff, which contain descriptions of events/occurrences related to the issues in this litigation, and written summaries of events/statements pertinent to Plaintiff's contentions herein.

## <u>ANSWER</u>

Dated: March __, 2003
       Vienna, Virginia

JACKSON LEWIS LLP
8614 Westwood Center Drive
Suite 950
Vienna, Virginia 22183
(703) 821-2189 (telephone)
(703) 821-2267 (facsimile)

By: _____
      Teresa Burke Wright, Esq.
      Maryland Bar No. 08602

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000 (telephone)
(212) 972-3213 (facsimile)

By: _____
      Jennifer B. Courtian
      Dana J. Scher

ATTORNEYS FOR DEFENDANT
MOORE NORTH AMERICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___ day of March, 2003, I cause to be served a true and correct copy of Defendant Moore North America, Inc.'s First Set of Interrogatories to Plaintiff upon Plaintiff, Rita Royster, by placing said copy into an official U.S. postal depository, sufficient postage affixed, addressed to Plaintiff's counsel of record at the following address:

Joseph T. Mallon, Jr.
Mallon & McCool, LLC
16 South Calvert Street, Suite 1002
Baltimore, Maryland 21202


_____
Jennifer B. Courtian

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RITA ROYSTER,

      Plaintiff,

           v.

MOORE U.S.A. INC. and MOORE
NORTH AMERICA, INC.,

            Defendants.

Case No. 1:02-CV-3937

**DEFENDANT'S FIRST REQUEST
FOR THE PRODUCTION OF
DOCUMENTS TO PLAINTIFF**

To:    Joseph T. Mallon, Jr.
       Mallon & McCool, LLC
       16 South Calvert Street, Suite 1002
       Baltimore, Maryland 21202

          Defendant Moore North America, Inc., formerly known as Moore U.S.A. Inc. (incorrectly sued herein as "Moore U.S.A. Inc. and Moore North American, Inc.") (referred to herein as "Defendant"), by and through its undersigned attorneys, Jackson Lewis LLP, hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 104 of this Court, that Plaintiff Rita Royster ("Plaintiff") respond to these requests within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying within 30 days from the date of service of this First Request for Production of Documents, and continuing from day to day thereafter until completed, at the offices of Jackson Lewis LLP, 8614 Westwood Center Drive, Suite 950, Vienna, Virginia 22183, or at such time and place as may agreed upon by all counsel. Compliance with this request can be made by making true and correct copies of said documents and forwarding them to Jennifer B. Courtian, Esq. at Jackson Lewis, LLP, 59 Maiden Lane, 40th Floor, New York, New York

10038-4502, provided that such documents are received by counsel for Defendant within the prescribed time period.

## INSTRUCTIONS AND DEFINITIONS TO PLAINTIFF

## INSTRUCTIONS

1.  In producing the requested documents, please furnish all documents available to Plaintiff, including documents in the possession of her attorneys, any investigators and any and all persons acting on Plaintiff's behalf.

2.  The document requests which follow are to be considered as continuing and you are requested to provide, by way of supplementary responses thereto, such additional documents as Plaintiff or any persons acting on her behalf may hereafter obtain which relate to any of the requests for production contained herein.  Such supplementary responses should be served upon counsel for Defendant within twenty (20) days after Plaintiff knows, or should know, of such information.

3.  If, in responding to this Request for Production, Plaintiff encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4.  Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of

2

the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in Paragraph 4A, above, please state the reason for withholding the document.

5.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

6.    It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

7.    If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1.    Communication: The term "communication" means the transmittal of information by any means.

2.    Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.    Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4.    Occurrence/Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5.    Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and

4

employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6.      Person: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

7.      You/Your:    The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

8.      Plaintiff's Complaint: The term "Plaintiff's Complaint" shall refer to the Complaint Plaintiff Rita Royster has filed in this action on or about December 4, 2002.

9.      Termination: "Termination" means any separation from employment, whether voluntary or involuntary, permanent or temporary, including, but not limited to, discharge, layoff, resignation, leave of absence, or mutually agreed upon separation, but excludes approved vacations, sick days or holidays.

10.     Defendant's Interrogatory: "Defendant's Interrogatory" refers to the specified interrogatory in Defendant's First Set of Interrogatories to Plaintiff.

11.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all."  "All" and "each" shall be construed as "all and each".  "Including" means "including but not limited to."   "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

12.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

13.     If any document requested to be produced was, but is no longer in Plaintiff's possession or control or is no longer in existence, state whether it is (i) missing or lost;

(ii) destroyed; (iii) transferred voluntary or involuntary to others, and, if so, to whom; or (iv) otherwise disposed of; and in each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

14.    Any and all descriptions or examples of documents provided hereinafter are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such request was "not limited to" the stated examples.

## DOCUMENT REQUESTS

1.    All documents in the possession of Plaintiff or her agents which reflect in or in any way relate to any of Plaintiff's attempts to secure employment since the cessation of her employment with Defendant on or about October 31, 2002 to the present, including, but not limited to: all correspondence, resumes, reference letters, or other documents Plaintiff sent to or received from any employment agencies, search firms, outplacements firms, or prospective employers; any documents which reflect the dates upon which Plaintiff had contact with such agencies or firms, and any documents which reflect any job prospects which such agencies or firms made known to Plaintiff; all employment advertisements which Plaintiff placed or responded to; documents reflecting any offers of employment Plaintiff received from any prospective employer, and Plaintiff's responses to such offers of employment.

2.    All documents in the possession of Plaintiff or her agents which reflect or in any way relate to any employment Plaintiff has held or services Plaintiff has rendered, including self-employment, since the cessations of her employment with Defendant on or about October 31, 2002 to the present, including documents which reflect: the name, address and telephone number of Plaintiff's employer or the person or organization for whom Plaintiff rendered services, the positions Plaintiff has held, the job duties Plaintiff has performed in

connection with such position(s), the dates of each such employment, rate of pay, benefits and other compensation received, and the reasons for termination of each employment Plaintiff has held or services Plaintiff has rendered.

3.     All documents in the possession of Plaintiff or her agents which reflect or in any way relate to any income, compensation, employee benefits or other monies Plaintiff has received from any source since the cessation of her employment with Defendant on or about October 31, 2002 to the present, including but not limited to, paycheck stubs and bank deposit slips and any documents which reflect Plaintiff's earnings from employment, self-employment, partnerships or other financial ventures.

4.     All documents in the possession of Plaintiff or her agents which reflect or in any way relate to any application for, or receipt of, unemployment compensation benefits, workers' compensation benefits, disability benefits, or any other form of assistance from any federal, state or local government agency, which Plaintiff has made or received since the cessation of her employment with Defendant on or about October 31, 2002, including, but not limited to, any documents that reflect: the disposition of such application; any rulings by said agency or agencies as to Plaintiff's eligibility to receive such benefits; any limitations on the benefits granted to Plaintiff; the benefit rate Plaintiff received; the period of time for which Plaintiff was awarded benefits; and the total amount of benefits Plaintiff received.

5.     Plaintiff's federal and state income tax returns, W-2 Forms, 1099 forms and all other documents in the possession of Plaintiff or her agents which reflect income Plaintiff earned from any source from January 1, 1999 to the present.

6.     All documents which reflect or in any way relate to any conversations or other communications between or among Plaintiff or her agents and any current or former

employee, agent or servant of Defendant including, but not limited to, Robin Gaskill, Diane Adams, Gabe Preczner, and/or Patricia Miller, or between any current or former employee, agent or servant of Defendant other than Plaintiff, regarding any matter at issue in this case.

7.    All reports, including drafts thereof, prepared by experts who have been contacted, consulted, and/or retained by Plaintiff and/or his representative(s) in connection with this action.

8.    All documents (including, but not limited to, fee agreements, reports and correspondence) provided to, received from, or prepared by each witness identified by you in your Answer to Interrogatory No. 7. (Standard Document Request No. 4).

9.    All documents in the possession of Plaintiff or her agents which reflect or in any way relate to the nature, basis, amount and manner of computation of all monetary, declaratory and/or equitable relief Plaintiff is seeking to recover in this litigation, including but not limited to any alleged damages for lost wages, employment benefits or other compensation or for any other alleged damages.

10.    All documents in the possession of Plaintiff or her agents which reflect or in any way relate to Plaintiff's employment and/or cessation of employment with Defendant or Plaintiff's claims in this case including, but not limited to, notes, memoranda, letters, personal diaries, appointment books, calendars, written statements, tape recordings, electronic documents, documents contained in the hard-drive(s) of Plaintiff's personal computer(s) or in any other electronic file storage device, documents generated by Plaintiff during the course of her employment with Defendant, or any other documents prepared by Defendant or by any other employee or former employee, agent, or servant of Defendant.

11.     Copies of all judicial or administrative complaints or charges concerning proceedings in which Plaintiff is or was a party (other than the instant action pending before this Court), as well as all documents concerning any such judicial or administrative complaint or charge.

12.     All documents concerning any visits by Plaintiff to any physician, psychiatrist, psychologist, social worker or other health care or mental health care professional from January 1, 2000 to the present, including, but limited, to records showing: the dates of each such visit; the name, address and area of specialization of each professional; the purpose or reason for each visit; the diagnosis, if any, rendered by each professional; any and all expenses incurred as a result of such visit; all drugs and/or medication which Plaintiff was prescribed and/or which Plaintiff took as a result of each visit; and any and all expenses Plaintiff incurred as result of taking such drugs and/or medication.

13.     All documents concerning any instance in which Plaintiff was admitted, either on an inpatient or outpatient basis, to any hospital or other health care facility from January 1, 2000 to the present, including but not limited to documents showing:  the date of each admission; the name, address and area of specialization of each hospital or facility; the purpose of or reason for each admission; the diagnosis, if any, rendered at each hospital or facility; and any and all expenses Plaintiff incurred as a result of each admission.

14.     All documents in the possession of Plaintiff or his agents which reflect, refute or in any other way relate to the allegations in Paragraph "7" of the Complaint that "[t]hroughout Plaintiff's employment, she had been a conscientious and dedicated employee."

15.     All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraph "8" of the Complaint that "[o]n October 30, 2002, Plaintiff complained of a racial discrimination incident to Robin Gaskill."

16.     All documents evidencing the "complaint" Plaintiff allegedly made on October 30, 2000 to Robin Gaskill of a racial discrimination issue.

17.     All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraph "8" of the Complaint that there had been a "racial discrimination incident."

18.     All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraph "8" of the Complaint that "a fellow African-American employee . . . had been terminated due to her race."

19.     All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraph "9" of the Complaint that "[o]n October 31, 2002, Defendant, through its employees and agents, advised Plaintiff that she was terminated effective immediately because her position was being eliminated due to budgetary reasons."

20.     All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraph "10" of the Complaint that "[s]hortly after Plaintiff's termination, the Plaintiff learned that she was replaced by a white Caucasian employee."

21.     All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraph "14" of the Complaint that "Plaintiff Royster was qualified for the job and performed the job satisfactorily."

22.    All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraphs "28" and "35" of the Complaint that Defendant acted "with malice and with reckless indifference to its obligations under Title VII" and "Section 1981."

23.    All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraphs "28" and "35" of the Complaint that Defendant "retaliated against the Plaintiff for complaining of racial discrimination."

24.    All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraphs "29" and "36" of the Complaint that "Plaintiff was terminated and it was causally linked to her complaining of racial discrimination."

25.    All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraphs "31" and "38" of the Complaint that "Defendant and its employees were fully aware of the retaliation against the Plaintiff detailed herein."

26.    All documents in the possession of Plaintiff or her agents which reflect, refute or in any other way relate to the allegations in Paragraphs "18" and "26" of the Complaint that "[a]s a direct and proximate result of Defendant's acts, Plaintiff has suffered great and irreparable economic damages (i.e. loss of income and benefits) and other losses including but not limited to emotional pain and suffering, inconvenience, humiliation, mental anguish, stress and the like."

27.    All documents relied upon in answering, or referred to in your Answers to, Defendant's First Set of Interrogatories or which in any way relate to the information requested

in those Interrogatories, other than documents produced in response to the requests set forth herein.

28.     All documents or correspondence of any kind which have not been previously requested, which relate in any way to the allegations in Plaintiff's Complaint or the acts allegedly committed by Defendant of which Plaintiff complains.

Dated: March __, 2003
       Vienna, Virginia

                                        JACKSON LEWIS LLP
                                        8614 Westwood Center Drive
                                        Suite 950
                                        Vienna, Virginia 22183
                                        (703) 821-2189 (telephone)
                                        (703) 821-2267 (facsimile)

                                    By:   _____
                                          Teresa Burke Wright, Esq.
                                        Maryland Bar No. 08602

                                    JACKSON LEWIS LLP
                                    59 Maiden Lane
                                    New York, New York 10038
                                    (212) 545-4000 (telephone)
                                    (212) 972-3213 (facsimile)

                                    By:   _____
                                          Jennifer B. Courtian
                                      Dana J. Scher

                                    ATTORNEYS FOR DEFENDANT
                                    MOORE NORTH AMERICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___ day of March, 2003, I cause to be served a true and correct copy of Defendant's First Request for the Production of Documents to Plaintiff upon Plaintiff, Rita Royster, by placing said copy into an official U.S. postal depository, sufficient postage affixed, addressed to Plaintiff's counsel of record at the following address:

> Joseph T. Mallon, Jr.
> Mallon & McCool, LLC
> 16 South Calvert Street, Suite 1002
> Baltimore, Maryland 21202

_____
Jennifer B. Courtian

MY DIRECT DIAL IS: (212) 545-4022
MY EMAIL ADDRESS IS: COURTIAJ@JACKSONLEWIS.COM

April 29, 2003

**VIA FACSIMILE**

Joseph T. Mallon, Jr.
Mallon & McCool, LLC
16 South Calvert Street, Suite 1002
Baltimore, Maryland 21202

Re:    **Rita Royster v. Moore U.S.A. Inc. and**
       **Moore North America, Inc.**
       **Case No. 02 CV 3937**

Dear Mr. Mallon:

On March 19, 2003, we served on you Defendant's First Request for the Production of Documents to Plaintiff and First Set of Interrogatories to Plaintiff. Plaintiff's objections and responses were due on April 21, 2003. At this point we still have not received Plaintiff's objections and responses. Therefore, Plaintiff has waived any objections to Defendant's discovery requests. Please send to us Plaintiff's responses promptly.

Very truly yours,

JACKSON LEWIS LLP

Jennifer Courtian, Esq.

cc:    Teresa Burke Wright, Esq.
       Dana Scher, Esq.

MY DIRECT DIAL IS: (212) 545-4022
MY EMAIL ADDRESS IS: COURTIAJ@JACKSONLEWIS.COM

June 3, 2003

**<u>VIA FACSIMILE</u>**
Joseph T. Mallon, Jr.
Mallon & McCool, LLC
16 South Calvert Street, Suite 1002
Baltimore, Maryland 21202

Re:    **Rita Royster v. Moore U.S.A. Inc. and
Moore North America, Inc.
Case No. 02 CV 3937**

Dear Mr. Mallon:

   We write with respect to Defendant Moore North America, Inc.'s First Set of Interrogatories to Plaintiff and First Request for the Production of Documents. We served these discovery requests on Plaintiff on March 19, 2003. Plaintiff's objections and responses were due on April 21, 2003. We wrote to you on April 29, 2003 to state that we still had not received Plaintiff's responses and to request that Plaintiff promptly provide them. I spoke to you on May 6, 2003, and you stated that you would be serving us with responses on May 12, 2003. When the responses did not arrive, I spoke to you again on May 16, 2003, and you stated that you would send them to me by facsimile on May 19, 2003. As of today's date, I still have not received Plaintiff's responses. Upon receiving Plaintiff's discovery responses, we plan to take Plaintiff's deposition. We have been awaiting receipt of Plaintiff's discovery responses before scheduling such a date.

   Please notify me as to the exact date when I can expect to receive these responses. If you do not provide us with such date, we will have no choice but to seek the assistance of the Court.

       Very truly yours,

       JACKSON LEWIS LLP

       Jennifer Courtian, Esq.

Enclosure
cc: Teresa Burke Wright, Esq.
   Dana Scher, Esq.